IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTENNATECH, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE SPORTS AUTHORITY, INC.,<br><br>        Defendant. | C. A. No. 14-cv-502-GMS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE SPORTS AUTHORITY, INC.'S
ANSWER AND COUNTERCLAIMS TO ANTENNATECH, LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant The Sports Authority, Inc. ("Sports Authority") files this Answer and Counterclaim to Plaintiff Antennatech, LLC's ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). Sports Authority denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

**THE PARTIES**

1. Sports Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Sports Authority admits it is a Delaware corporation with a principal place of business at 1050 West Hampden Avenue, Englewood, Colorado 80110.

**JURISDICTION AND VENUE**

3. Sports Authority admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. Sports Authority admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Sports Authority admits that it has transacted business in this district. Sports Authority denies that it has committed any act of infringement within this district or any other district. Sports Authority otherwise denies the remaining allegations of paragraph 5 of the Complaint.

6. Sports Authority admits that venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(b), but denies that venue in this District is convenient.

## THE PATENT-IN-SUIT

7. Sports Authority admits that the face of U.S. Patent No. 8,112,131 (the "'131 Patent") indicates that it is entitled "Radiative Focal Area Antenna Transmission Coupling Arrangement" and issued on February 7, 2012. Sports Authority admits that a purported copy of the '131 Patent is attached to the Complaint as Exhibit A, but Sports Authority lacks knowledge sufficient to confirm or deny if it is a true and correct copy. Sports Authority denies that the '131 Patent was lawfully issued. Except as expressly admitted herein, Sports Authority denies each and every allegation of Paragraph 7.

8. Sports Authority is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

## COUNT 1 – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,112,131

9. Sports Authority incorporates by reference the answers to paragraphs 1-8 above.

10. Sports Authority denies the allegations of Paragraph 10.

11. Sports Authority denies the allegations of Paragraph 11.

## JURY DEMAND

12. Plaintiff's request for a trial by jury does not require a response from Sports Authority.

## PRAYER FOR [ALLEGED] RELIEF

13. Sports Authority denies that Plaintiff is entitled to any relief from Sports Authority and denies all of the allegations contained in Plaintiff's Prayer for Relief.

14. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Sports Authority denies them.

## AFFIRMATIVE DEFENSES

Sports Authority's Affirmative Defenses are listed below. Sports Authority reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

15. Sports Authority does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '131 Patent.

## SECOND DEFENSE

16. Each asserted claim of the '131 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

17. To the extent that Plaintiff and alleged predecessors in interest to the '131 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or

otherwise give proper notice that Sports Authority's actions allegedly infringed the '131 Patent, Sports Authority is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '131 Patent.

## FOURTH DEFENSE

18. To the extent that Plaintiff asserts that Sports Authority indirectly infringes, either by contributory infringement or inducement of infringement, Sports Authority is not liable to Plaintiff for the acts alleged to have been performed before Sports Authority knew that its actions would cause indirect infringement.

## FIFTH DEFENSE

19. Plaintiff's attempted enforcement of the '131 Patent against Sports Authority is barred by laches and estoppel.

## SIXTH DEFENSE

20. The claims of the '131 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Sports Authority.

## SEVENTH DEFENSE

21. Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## COUNTERCLAIMS

## PARTIES

1. Counterclaim Plaintiff The Sports Authority, Inc. ("Sports Authority") is a Delaware corporation, with a principal place of business in Englewood, Colorado.

2. On information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Antennatech, LLC ("Antennatech") is a Delaware limited

liability company, with its principal place of business at 3131 McKinney Ave, Suite 600, Dallas, Texas 75204.

## JURISDICTION

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

5. Based on Antennatech's filing of this action and Sports Authority's First Defense, an actual controversy has arisen and now exists between the parties as to whether Sports Authority infringes the '131 Patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Sports Authority requests a declaration by the Court that it does not infringe any claim of the '131 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

7. Based on Antennatech's filing of this action and Sports Authority's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '131 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and 35 U.S.C. § 100 *et seq.*, Sports Authority requests a declaration by the Court that the claims of

the '131 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Sports Authority asks this Court to enter judgment in Sports Authority's favor and against Antennatech by granting the following relief:

a) a declaration that the asserted claims of the '131 Patent are invalid;

b) a declaration that Sports Authority does not infringe, under any theory, any valid claim of the '131 Patent that may be enforceable;

c) a declaration that Antennatech take nothing by its Complaint;

d) judgment against Antennatech and in favor of Sports Authority;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Sports Authority of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Sports Authority hereby demands trial by jury on all issues.

| | |
|---|---|
| Dated: June 11, 2014 | FISH & RICHARDSON P.C.<br><br>*/s/ Susan M. Coletti*<br>Susan M. Coletti (#4690)<br>coletti@fr.com<br>Jeremy D. Anderson (#4515)<br>janderson@fr.com<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE 19801<br>Telephone: (302) 652-5070<br>Facsimile: (302) 652-0607<br><br>Neil J. McNabnay, admitted *pro hac vice*<br>Texas Bar No. 24002583<br>mcnabnay@fr.com<br>David B. Conrad, admitted *pro hac vice*<br>Texas Bar No. 24049042<br>conrad@fr.com<br>Ricardo J. Bonilla, admitted *pro hac vice*<br>Texas Bar No. 24082704<br>rbonilla@fr.com<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>(214) 747-5070 (Telephone)<br>(214) 747-2091 (Facsimile)<br><br>**Counsel for Defendant**<br>***THE SPORTS AUTHORITY, INC.*** |